## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ACTING THROUGH THE UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>                PLAINTIFF<br><br>v.<br><br>BRENDA J. TAYLOR f/k/a BRENDA J. BELCHER,<br><br>                DEFENDANT | **CIVIL ACTION NO.:**<br><br>**COMPLAINT FOR FORECLOSURE AND SALE**<br><br>**(Title to Real Estate Involved)** |

**Mortgage Recorded in Knox County Registry of Deeds at Book 3669, Page 97**
**Street Address: 291 Bill Luce Road, Washington, Maine**

NOW COMES the United States Department of Agriculture (the "Plaintiff"), by and through its Counsel and complains against the Defendants as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in the State of Maine and the subject property is located in the State of Maine.

### PARTIES

3. Plaintiff is a Government Agency with an address of P.O. Box 66827, St. Louis, MO 63166.

4. Brenda J. Taylor (the "Defendant") is an individual with a last-known address of 12 Prosperity Lane, City of Washington, County of Knox, and State of Maine.

5. Upon information and belief, the subject property is not eligible for the Foreclosure Diversion Program based on the following criteria:

   a) The subject property is a residential property;

   b) The subject property is not the primary residence of the Defendant(s); and

   c) The subject property is not occupied by the Defendant(s).

## FACTS

6. On or about August 17, 2006, Defendants executed and delivered a promissory note (the "Note") to Plaintiff in the amount of $148,970.00. A true copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein.

7. On or about August 17, 2006, Defendants granted a mortgage (the "Mortgage") to Plaintiff to secure the Note. The Mortgage is recorded in the Knox County Registry of Deeds at Book 3669, Page 101. A true copy of the Mortgage is attached hereto as **Exhibit 2** and is incorporated herein.

8. The property secured by the Mortgage is commonly known as 291 Bill Luce Road, Washington, Maine and is more particularly described in Exhibit A to the Mortgage (the "Property").

### Foreclosure of Mortgage Pursuant to 14 M.R.S.A. §§ 6321-6326

9. Default exists under the terms of the Note in that the monthly payment due thereunder on January 15, 2014, and all further payments coming due under the terms of the Note on any later date, have not been paid.

10. As a result of the default under the terms of the Note, the condition of the Mortgage has been breached.

11. Plaintiff has complied with 14 M.R.S.A. § 6111 and all notice provisions in the Note and Mortgage. A true copy of the notices required by 14 M.R.S.A. § 6111, as sent by Plaintiff's Counsel, together with proof of mailing of the same, collectively are attached as **Exhibit 3** and are incorporated herein.

12. As of April 14, 2026, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $137,921.53 in principal, $136,213.77 in accrued interest and $97,113.18 in other fees, for a total of $371,248.48.

13. Additional interest continues to accrue on the principal balance at the rate of $22.6720 per day.

14. Under the terms of the Note and the Mortgage, repayment of all costs and expenses, including reasonable attorney's fees, incurred by Plaintiff in enforcing the Note and in bringing this action are payable to Plaintiff and are secured by the Mortgage.

15. Under the terms of 14 M.R.S.A. § 6101, if Plaintiff prevails in foreclosing upon the Mortgage in this proceeding, then it shall be entitled to have its reasonable attorney's fees incurred for the foreclosure to be included with the expense of publication, service, and recording in making up the sum to be tendered by Defendants, or any person claiming under Defendants, in order to be entitled to redeem the Property from the Mortgagee.

16. Plaintiff certifies that it is the owner and holder of the Note and owner of the Mortgage, and that Plaintiff is the party entitled to enforce the Note as the owner and holder of the same.

**WHEREFORE**, Plaintiff prays that this Court:

A. Determine that there has been a breach of condition of the Mortgage;

B.      Determine the amount due on the obligations secured by the Mortgage, including, but not limited to, principal, interest, late charges, reasonable attorney's fees, and court costs;

C.      Determine the order of priority of such other parties as may appear, together with the amounts due such parties, if any;

D.      Issue a judgment of foreclosure and sale in conformity with Title 14, § 6322;

E.      Grant possession of the Property to the Plaintiff upon expiration of the period of redemption; and

F.      Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated this April 14, 2026

> /s/ *Stephean C. Chute*
> Stephean C. Chute, Esq., Bar No. 06828
> Braucher & Associates, PLLC
> 764 Chestnut Street, Suite 1
> Manchester, NH 03104
> stephean@ishofn.com
> Attorney for the Plaintiff